# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 13-CR-0095-CVE |
| JEROME BENJAMIN WARTHEN, a/k/a "Jerome Benjamin Warthan," | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Unopposed Motion to Continue Jury Trial and Related Dates (Dkt. # 17). This case is set for trial on June 17, 2013. Defendant Jerome Benjamin Warthen is charged with possession of a firearm after prior felony conviction (count one), possession of marijuana with intent to distribute (count two), and possession of a firearm in furtherance of a drug trafficking crime (count three). Defendant states that he was arraigned on May 16, 2013 and under the current scheduling order he will not have sufficient time to prepare a defense. Defendant has executed a speedy trial waiver (Dkt. # 18), and he asks the Court to enter a new scheduling order setting this case for trial no earlier than July 22, 2013.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things,

whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's motion and finds that it should be granted. Under the current scheduling order, defendant is required to file pretrial motions no later than May 28, 2013. However, his attorney will not have adequate time to review discovery or interview witnesses in order to determine whether it would be appropriate to file pretrial motions by May 28, 2013. It is also likely that defendant will be prejudiced in his ability to prepare a meaningful defense unless he is given additional time to prepare for trial. The Court will continue the trial of this matter to the July 2013 jury trial docket. In addition to the interests of the defendant, the Court has considered

the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Continue Jury Trial and Related Dates (Dkt. # 17) is **granted**. The jury trial set for June 17, 2013 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | June 10, 2013 |
| Responses due: | June 24, 2013 |
| **PT/CP/Motions Hearing:** | **July 1, 2013 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | July 15, 2013 |
| **Jury Trial:** | **July 22, 2013 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between June 17, 2013 and July 22, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 21st day of May, 2013.